UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. HALLIBURTON,

        Petitioner,

                                       Criminal Case No. 00-80534-02
                                       Civil Case No. 04-CV-70769

vs.

                                       HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING RESPONDENT'S MOTION TO DISMISS

      Before the court is a motion filed on March 1, 2004 by *pro se* petitioner Halliburton, to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. §2255. On July 28, 2004, respondent filed a motion to dismiss petitioner's motion. Before the court are Magistrate Judge Pepe's Report and Recommendation filed January 5, 2005, to grant respondent's motion, and the objections to that report filed by petitioner on January 19th and January 24th, 2005. As set forth below, because the court finds that petitioner's objections lack merit, the court will accept and adopt the magistrate's report, and accordingly grant respondent's motion to dismiss.

BACKGROUND

      On December 20, 2000 petitioner was convicted of charges brought under 18 U.S.C. §286, conspiracy to defraud the United States, and 18 U.S.C. §§287 and 2, fraudulent claims against the United States and aiding and abetting, respectively.

Magistrate's Report, p. 1.  As the magistrate's report notes, on June 12, 2001 petitioner was sentenced to forty-six months incarceration and restitution followed by a period of supervised release.[1] The facts of this case are set out in United States v. Finkley, et. al, 324 F.3d 401, 402-03 (6th Cir. 2003).

Petitioner filed a notice of appeal on June 19, 2001, and on April 1, 2003 the Sixth Circuit affirmed his conviction, but remanded the restitution portion for reconsideration. 324 F.3d at 401.  In the subsequent months, petitioner's several motions to correct his sentence have met with no success.  Magistrate's Report, p. 2.  The §2255 motion filed on March 1, 2004, as summarized by the magistrate, is what is now before this court:

> In his current motion, petitioner objects to 1) his attorney's opening statement admitting guilt, 2) his attorney's refusal to call witnesses, 3) illegal grouping used in sentencing, 4) untimely PSR with enhancements, 5) an ex post facto violation (using the wrong year in a sentencing guideline), 6) additional illegal grouping used in sentencing, 7) improper use of out of court statements regarding section 3B1.1(c) sentencing enhancements, 8) prosecutorial misconduct, 9) inadmissible hearsay, 10) delay of prosecution, 11) illegal sentencing (caused by ex post facto violation and prosecutorial delay), 12) statute of limitations violations, 13) illegal enhancements under Blakely v. Washington, 124 S. Ct. 2531 (2004), and 14) additional statute of limitations argument.

Magistrate's Report, p. 2-3.  The magistrate finds that most of the claims above have been waived by petitioner since he failed to raise them before the district court or

---

[1] Petitioner notes in his most recent objection filed January 24, 2005 that "by the time you receive this motion I won't even have 28 days remaining on this illegal sentence." Petitioner's Objection dated January 12, 2005.  Whether or not petitioner is released from federal prison before this court adjudicates this motion has no bearing on the issue of whether he is still in custody for purposes of his §2255 motion. Petitioner's supervised release following the completion of his prison term is a "form of custody that may be abbreviated if he prevails in this [§2255] action.  The case therefore is not moot." Kusay v. United States of America, 62 F.3rd 192, 193 (7th Cir. 1995).

on appeal, that the ineffective assistance of counsel and Blakely claims lack merit, and that petitioner's motion should thus be denied. Magistrate's Report, p. 3.

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

The court received documents dated January 19th and 24th, 2005, written by petitioner and filed as objections to the magistrate's report. Petitioner's objections make assertions concerning the ineffective assistance of his counsel and Blakely issues. The court will address them in the order presented by petitioner.

1. Though the first objection filed on January 19th, 2005 does not explicitly mention the Supreme Court decision in United States v. Booker, 125 S. Ct. 738 (2005), this court infers from the objection that petitioner was referring to the Booker decision. This objection arose in light of the magistrate's recommendation regarding the Blakely issue, which found that sentencing guidelines are effectively advisory rather than mandatory. In a vague and conclusory matter, petitioner argues that Booker now invalidates his sentence. For Booker to apply to petitioner's motion, it would have to be applied retroactively. For new rules of constitutional law to apply retroactively to cases on collateral review, the Supreme Court must hold them retroactive. Green v. United States, 2005 WL 237204 (2nd Cir. 2005) (citing to Tyler v. Cain, 533 U.S. 656, 663 (2001)). "In Booker, the Supreme Court noted that its holdings in that case apply to 'all cases on direct review' but made no explicit statement of retroactivity to collateral cases. Thus, neither Booker nor Blakely apply retroactively to [petitioner's] collateral challenge." Green, 2005 WL 237204 (quoting from Booker 125 S. Ct. At 769). As a result, petitioner's objection lacks merit.

2. Petitioner's second and third objections appear to complain that his direct appeals counsel failed to raise an issue regarding his sentence enhancements. Although it is difficult to understand, petitioner appears to be arguing that his direct appeals counsel has provided ineffective assistance or that the §2255 motion is the proper venue in which to raise such issues. These objections are without merit, as addressed in the magistrate's report. Because petitioner has failed to allege with any specificity in this action that his counsel's assistance was constitutionally ineffective, it remains without merit. Alternatively, petitioner's claim that a §2255 motion is the proper venue to initially address his sentence enhancement also lacks merit since "the appeals stage, rather than during habeas review, was the proper point at which to raise these issues." Magistrate's Report, p. 9 (citing to Frady v. United States, 456 U.S. 152, 164 (1982)). Thus, applying both possible constructions, petitioner's objections remain without merit.

3. Petitioner's fourth "objection" is nothing more than a statement accusing the *respondent* for its alleged mistake; therefore, the court does not construe this as a proper objection to the magistrate's report.

4. Plaintiff's fifth objection is nothing more than a vague restatement of his second and third objections: that his direct appeals counsel failed to argue his enhancement issues. Such conclusory objections which fail to raise a specific issue are without merit.

4

CONCLUSION

For the reasons given above, the court hereby ACCEPTS and ADOPTS the magistrate's well-reasoned report and recommendation as its findings and conclusions in this matter, only as modified above, and accordingly GRANTS respondent's motion to dismiss. The action is dismissed in its entirety.

    IT IS SO ORDERED.


                        s/George Caram Steeh  
                        GEORGE CARAM STEEH  
                        UNITED STATES DISTRICT JUDGE

Dated: April 21, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on April 21, 2005, by electronic and/or ordinary mail.

                        s/Josephine Chaffee  
                        Secretary/Deputy Clerk